O’NIELL, O. J.
 

 (concurring in the result). I concur .in the decree rendered in this case, but respectfully dissent from the court’s ruling on bill No. 7. The bill was reserved to a ruling forbidding the defendant to prove that the deceased, Dr. Cannon, was armed with a. /pistol-and was flourishing it in the presence of the accused, on the morning of the day of the homicide., The defendant’s plea was self-defense.. He testified- that Dr. Cannon was attacking him, had struck him on the side of the head, and had thrust his hand towards his hip pocket, when he (the defendant) shot Dr. Cannon. The other witnesses testified that Dr. Cannon did not thrust his hand-towards his hip pocket and had ceased attacking the defendant when the latter shot him. The issue that the jury had to decide was whether the defendant had sufficient reason to fear that he was in danger of being killed or of suffering great bodily harm. With great respect, I say it matters not that the district judge thought that the preponderance of the evidence was on the side of the state, on this question of fact, on vvhich depended the question of guilt or innocence. The jury alone had to decide the questions of fact relating to the ultimate question of guilt or innocence. To say that the testimony of the defendant alone, against that of the witnesses for the state, did not raise an issue of fact as to whether the defendánt was in danger in the difficulty, is the same as to say that the defendant was not a competent or qualified witness. The statute that declares who shall be competent witnesses, Act 157 of 1916, p. 379, in terms declares that the defendant in any criminal ease “shallj at his own request' but not otherwise, be deemed a competent witness.”' Therefore the jury must consider and determine the' credibility and sufficiency of the testimony of the defendant in a criminal prosecution, no matter how many witnesses contradicted him.
 

 I cannot reconcile this ruling in the majority opinion with the .ruling on bill No. 6. I concur in the latter ruling, and, in fact, in the rulings on all of the bills, except bill' No. 7.